UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

NAJEEB AHMED KHAN,[1]

       Debtor.

_____/

Case No. 19-04258
Hon. Scott W. Dales
Chapter 11

In re:

KHAN AVIATION, INC., *et al.*,[2]

       Debtor.

_____/

Case No. 19-04261
Hon. Scott W. Dales
Chapter 11
(Jointly Administered)

In re:

INTERLOGIC OUTSOURCING, INC., *et al.*,[3]

       Debtor.

_____/

Case No. 20-00325
Hon. Scott W. Dales
Chapter 11
(Jointly Administered)

MARK IAMMARTINO,

       Plaintiff,

v.

LAKELAND CITY BANK and LAKELAND
FINANCIAL SERVICES,  NAJEEB A.
KHAN, DAVID FINDLAY, LISA O'NEILL,
ERIC OTTINGER, KRISTIN PRUITT, and
BRADLEY TOOTHAKER,

       Defendants.

Adversary Pro. No. 21-80071

---

[1] Estate Tax I.D. No.: 84-6804873.

[2] The Debtors in the Khan Entities Cases, along with the last four digits of each Debtor's federal tax identification number, are: Khan Aviation, Inc. (0145), GN Investments, LLC (3550), KRW Investments, Inc. (4356), NJ Realty, LLC (3761), NAK Holdings, LLC (4717), and Sarah Air, LLC (4718).

[3] The Debtors in the IOI Cases, along with the last four digits of each Debtor's federal tax identification number are: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473).

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

Plaintiff Mark T. Iammartino (the "Plaintiff") in his capacity as Liquidating Trustee, through counsel, filed a Motion for Leave to File Amended Complaint Under Seal (ECF No. 18), which he later amended (ECF No. 20, the "Motion to Seal"), together with a heavily-redacted Amended Complaint (ECF No. 19, the "Amended Complaint").

As the Plaintiff explained in the Motion to Seal, "Plaintiff has filed a redacted copy of its Amended Complaint, redacting information obtained from documents and transcripts designated by Lake City as 'confidential' pursuant to the Protective Order," and did so "before the expiration of the Parties' tolling agreement." By his own admission, he filed the Amended Complaint (and the Motion to Seal) during the stay of proceedings and contrary to the court's Order Granting Joint Motion to Stay Litigation (ECF No. 4) as extended by various orders through August 31, 2022 (ECF Nos. 6, 8, 10 & 12, collectively the "Stay Order"). *See* Motion to Seal at ¶¶ 7 n.2 and 13. The Motion to Seal further explains that the parties have yet to "meet and confer" regarding how best to handle the filing of documents and how to use other information disclosed among themselves pursuant to the Protective Order (Base Case ECF Nos. 709 and 928). *Id*. at ¶ 15.

Given the substantial redactions in the Amended Complaint, the Plaintiff has effectively granted his own sealing motion – putting a new pleading on the docket but concealing substantial allegations from the public. The Plaintiff, in other words, has arrogated to himself the court's role in deciding which matters to seal and which matters should be public records. *See* 11 U.S.C. § 107(b) (assigning to the court the task of sealing); LBR 9037-4; *see generally Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) (a court that chooses to seal court records must set forth specific findings and conclusions regardless of objection). The Plaintiff is evidently hoping that the court will grant the Motion to Seal and thereby authorize him to file an unredacted version – effectively a second amended complaint – albeit in the shadows of the court's docket.

The Sixth Circuit has opined that the greater the public interest in the matter, the heavier the burden of persuasion on a sealing motion. *Shane Group*, 825 F.3d at 305 (citation omitted).

The Amended Complaint alleges conduct which Plaintiff characterizes as quite possibly "the largest and longest-running check kiting case in United States history," in a case involving a "publicly traded and highly regulated financial institution." Amended Complaint at ¶¶ 1 and 28. Certainly the public interest in such a case approaches, if not reaches, the zenith of public interest.

In support of the Motion to Seal, Plaintiff admits that the information he reluctantly seeks to restrict from public view does not likely qualify for sealing, but that he is making the Motion to Seal given the reliance of some defendants on the Protective Order. This hardly supports a sealing order given the strict standard applicable in our Circuit under *Shane Group*.[4] For this reason, the court will deny the Motion to Seal without putting the defendants to the trouble of responding, especially given that they have not yet even been formally served with process.[5]

Another point bears mentioning: Rule 15(a) upon which the Plaintiff relies for amending his pleading as of right, gives a party a single opportunity to do so without the consent of the other parties or approval from the court. Fed. R. Civ. P. 15(a)(1). Plaintiff has used that opportunity, arguably wasting it on filing a heavily-redacted document vulnerable to a dismissal motion, in violation of the Stay Order. Other than perhaps seeking to gain a procedural advantage over the existing defendants, nothing required the Plaintiff to file the Amended Complaint when he did, instead of awaiting the court's decision on the Motion to Seal. For that matter, nothing in the Protective Order compelled him to file an amended pleading before the expiration of the tolling agreement underlying the Stay Order, let alone a heavily-redacted one. Any further amendment will require a motion under Rule 15(a)(2), or stipulation in accord with that rule.

The court encourages the parties to meet and confer to develop a workable approach to the problems inherent in their reliance on the Protective Order. Such a process might include notice from the party seeking to file a pleading or other paper using information or documents produced under the aegis of the Protective Order with a time for the producing party to seek protection by

---

[4] The original version of the Protective Order, before the court amended it after transfer of the IOI cases to this district, itself constituted the order to seal documents marked as confidential. This plainly violates the *Shane Group* approach to sealing. In fairness to the Plaintiff, however, the amended Protective Order puts the onus of protecting confidences on the party seeking to use the confidential information, not necessarily the party who produced it – the party with the greater interest in shielding the information from disclosure. The court is receptive to a proposed amendment of the Protective Order to address this concern, perhaps in an order to be filed within this adversary proceeding.

[5] Last year the Clerk issued a summons (ECF No. 2) naming the original defendants, but there is no proof of service on file, presumably reflecting compliance with the Stay Order.

filing a motion that complies with the spirit and letter § 107 and the Sixth Circuit's decision in *Shane Group*. Until then, mindful of those standards, the court will simply deny the Motion to Seal, without prejudice. Any party filing a new request to seal shall serve the motion on the parties to this action and the United States Trustee. 11 U.S.C. § 307.

One final note. Over the three-year history of these proceedings, even before the Plaintiff filed the complaint in this matter, the court has insisted on civility, professionalism, notice, and avoidance of gamesmanship. The docket entries in the last several days, however, show a disregard of this ethic, and a flouting of the Stay Order and the Protective Order. Today's decision should serve as a reminder that although the relationship of the parties may have deteriorated in the last year, the court's insistence on civility has not. The court expects more of counsel and, given its experience with these professionals over the last few years, knows they can do better.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Seal is DENIED, without prejudice.

IT IS FURTHER ORDERED that any future motion to seal shall be served on the parties to this proceeding, and upon the United States Trustee (by first class U.S. Mail).

IT IS FURTHER ORDERED that the Clerk shall serve this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Plaintiff, the Defendants, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 2, 2022**



Scott W. Dales
United States Bankruptcy Judge